CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 18 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAY C. TURNER, <br>     Plaintiff, | Civil Action No. 7:07cv00341 |
| v. | **MEMORANDUM OPINION** |
| BIG STONE GAP <br> POLICE DEPARTMENT, et al., <br>     Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Ray C. Turner, a Virginia inmate proceeding pro se, filed this civil action pursuant to the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff asks for in forma pauperis status, seeking to proceed without prepayment of the $350.00 filing fee, pursuant to 28 U.S.C. § 1915. Upon review of court records, the court finds that the action must be dismissed without prejudice under Subsection (g) of §1915 unless plaintiff prepays the filing fee in full within ten (10) days.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. See Turner #198870 v. Boggs, 7:94-cv-01028 (W.D. Va. 1994) (dism'd under §1915(d)); Turner #198870 v. Boggs, 94-7450 (4th Cir. March 21, 1995) (affirming dismissal of 7:94-cv-01028); Turner v. Wise County Sheriff, et al., 7:96-cv-00659 (W.D. Va. 1996) (dismissed under §1915A); Turner v. Pilkenton, et al., 7:96-cv-00660 (W.D. Va. 1996) (dismissed under §1915A). The court thus finds that plaintiff has at least

three "strikes" within the meaning of §1915(g). Therefore, the court also finds that he cannot file this civil action or any other civil action without prepayment of the $350.00 fee required for filing civil actions* unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (restating "imminent danger of serious physical harm" standard).

Plaintiff complains that, on March 25, 2007, an officer with the Police Department in Big Stone Gap, Virginia, pulled plaintiff over in a traffic stop and shouted at him and uttered racial epithets at him. According to the plaintiff, after plaintiff "tried to run away from" the officer, the officer "subdued" plaintiff, "beating [him] with the Police Stick." Plaintiff states that he "had to be place [sic] inside an ambulance and taken to Lonesome Pines Hospital" and that he "was released the following morning." Plaintiff adds that, "[p]rior to this encounter," the officer had "harassed [him] several times, asking [plaintiff] questions as to why [he was] in certain area's [sic] that blacks shouldn't be in." According to plaintiff, this violates the Fourteenth Amendment's prohibition against racial discrimination and constitutes police brutality.

Plaintiff is in the custody of the Southwest Virginia Regional Jail in Duffield, Virginia. He is not in the custody of the Big Stone Gap Police Department. Accordingly, the court finds that plaintiff fails to demonstrate that he is currently under any threat of *imminent* physical harm as contemplated under §1915(g). As plaintiff has three "strikes" within the meaning of §1915(g) and as he has failed to demonstrate any imminent danger of serious *physical* harm sufficient to allow him to proceed in forma pauperis without prepayment of the $350.00 filing fee in this §1983 cause of action, the court shall deny his motion to proceed without prepayment of the filing fee and, if he fails

---

*This fee is set by statute. See 28 U.S.C. § 1914(a).

2

to prepay the $350.00 filing fee within ten (10) days, the court shall dismiss this action without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This 18th day of July, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge